UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK ELDRIDGE,

        Plaintiff,

                                        Case Number 07-14810

v.                                        Honorable Thomas L. Ludington

STAR LINE,

        Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT, TO COMPEL, AND TO EXTEND SCHEDULING ORDER, TAKING UNDER ADVISEMENT PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, AND SETTING TELEPHONIC STATUS CONFERENCE

On November 8, 2007, Plaintiff filed a complaint, asserting a claim for negligence under the Jones Act, codified at 46 U.S.C. §§ 30104, *et seq.* Plaintiff alleges that he injured his neck as a result of lifting a flagpole on a dock. On April 13, 2009, counsel appeared at a settlement conference, but represented that meaningful settlement discussions could not occur until the extent of Plaintiff's injuries were ascertained. The parties agreed that Plaintiff would consult a neurosurgeon.

On May 7, 2009, Plaintiff filed a motion seeking various relief, each relating to the arrangements associated with payment for the consultation. The parties agree that Plaintiff's primary care physician referred Plaintiff to a neurosurgeon and that the neurosurgeon requires a letter guaranteeing payment for services. While the parties agree that St. Paul Travelers Company, Defendant's medical insurer or third-party administrator, is obliged to Defendant to indemnify it for the associated medical expense, the parties disagree on whether Defendant must satisfy the neurosurgeon that he or she will be paid.

Defendant argues that its obligation to provide cure does not require that it arrange Plaintiff's medical care. Rather, Defendant asserts its primary duty is to remit prompt payment for medical care. The policy governing the relationship between Defendant and its insurer only requires indemnification against medical payments. While the policy may limit the insurer's responsibility, the duty of cure imposed on the defendant "encompasses not only the obligation to reimburse medical expenses actually incurred, but also to ensure that the seaman receives the proper treatment and care." *Boudreaux v. United States*, 280 F.3d 461, 468 (5th Cir. 2002) (citing *Guevara v. Mar. Overseas Corp.*, 59 F.3d 1496, 1500 (5th Cir.1995)).

Here, the neurosurgeon has requested a letter from the insurer guaranteeing payment as a prerequisite for treatment. Despite the fact that Defendant acknowledges it is bound to pay for the treatment, it has delayed treatment by not providing the guarantee. Thus, the Court agrees with Plaintiff that the Jones Act imposes a duty on Defendant to take reasonable steps to "ensure that the seaman receives the proper treatment and care." *Id.*

Plaintiff's motion seeks four types of relief. First, Plaintiff seeks an order compelling Defendant to issue a letter authorizing treatment with the neurosurgeon and guaranteeing payment. For the reasons stated above, the Court will grant that request. Second, Plaintiff requests that the Court adjourn the facilitative mediation and extend the dates in the scheduling order. In light of the delay to the treatment and its relevance to determining the extent of Plaintiff's injuries, good cause exists to amend the scheduling order. *See* Fed. R. Civ. P. 16(b)(4). Third, Plaintiff requests attorney fees associated with bringing the instant motion. The Court will take this motion under advisement, pending the resolution of the guarantee letter and treatment by the neurosurgeon.

Finally, Plaintiff seeks to amend the complaint to add a claim for breach of Defendant's duty to cure. Leave to amend a complaint shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir. 1995) (citing *Ford v. Ford*, 371 U.S. 187 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir.1993)).

The proposed amended complaint contains the following allegation:

Subsequent to Plaintiff's injury of October 2, 2007, Defendant negligently breached its duty to provide or authorize the provision of cure to Plaintiff under the Jones Act, thus causing Plaintiff to sustain additional pain and suffering, aggravation of his underlying condition, prolongation of his condition, and increased medical expenses.

Dkt. # 17-12 at ¶ 5. Under the Jones Act, a claim predicated on the vessel owner breaching its duty to provide maintenance and cure is independent from a claim for negligence. *See West v. Midland Enter., Inc.* 227 F.3d 613, 616 (6th Cir. 2000). It would not be futile for Plaintiff to amend his complaint.

Accordingly, it is **ORDERED** that Plaintiff's motion [Dkt. # 17] is **GRANTED** in part.

It is further **ORDERED** that Defendant shall draft and deliver a letter conforming to the treating physician's specifications on or before **June 12, 2009**.

It is further **ORDERED** that the remaining dates in the scheduling order are **ADJOURNED** until further Order of the Court. The parties shall appear for a telephonic status conference on **August 4, 2009 at 4 p.m.** Defendant shall make all necessary arrangements.

It is further **ORDERED** that Plaintiff may file an amended complaint on or before **June 12, 2009**.

It is further **ORDERED** that Plaintiff's request for attorney fees is **TAKEN UNDER ADVISEMENT**.

                        s/Thomas L. Ludington  
                        THOMAS L. LUDINGTON  
                        United States District Judge

Dated: May 29, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 29, 2009.

                s/Tracy A. Jacobs  
                TRACY A. JACOBS